UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TEDESCHI, RAY | : | |
| PLAINTIFF | : | CIV. 3:10-CV-612 |
| V. | : | |
| KASON CREDIT CORPORATION,  AND DOES 1-10, INCLUSIVE | : | |
| DEFENDANTS | : | MARCH 2, 2011 |

## *DEFENDANT'S MOTION FOR ORDERS OR  SANCTIONS  UNDER FED. R. CIV. P. § 37 (3)(A),  28 U.S.C. § 1927 AND THE COURT'S INHERENT POWERS*

The defendant Kason Credit Corporation (KCC) does now move under Fed. R. Civ. P. §

37 (3) (A), 28 U.S.C. § 1927 and the court's inherent supervisory powers for orders or sanctions,

or both, more fully detailed below, on account of plaintiff's false and misleading  pleadings

made in the matter.

*Background*:

The plaintiff's complaint is in four (4) counts; Count One alleges that defendant Kason

Credit Corporation (KCC) violated various sections of the Fair Debt Collection Practices Act,

15, § 1692 et seq.; Counts Two, Three and Four seek to state claims under state law, to wit:

Invasion of privacy by intrusion, CUTPA violation, and intentional infliction of emotional

distress.  All these action are founded on plaintiff's allegations: that *"[t]he defendant [] placed excessive calls to the plaintiff, up to six (6) times per week, seeking a Mrs. Soto, that "the defendant[] did not identify themselves during telephone calls to the plaintiff[;]"* that *"[u]pon hearing from the plaintiff that Ms. Soto does not live at the [plaintiff's] residence, the defendant[] became very aggressive . . . over the phone[;]"* and that *"[t]he defendant[] used rude and abusive language . . . [in such phone conversations]."*  (See, Compl. ¶¶ 14, 15, 16, 17).

In his complaint plaintiff makes a claim of actual damages suffered, (See Compl. ¶¶ 19., 20.), and in his *prayer for relief* he seeks, among other remedies: "[a]ctual damages pursuant to 15 U.S.C. §1692k(a)(1)"; "[a]ctual damages pursuant to Conn. Gen. Stat. § 42-110g"; "[a]ctual damages . . . for all the damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial . . ."; and "[p]unitive damages."

The complaint was filed with the court on April 21, 2010, entered on April 22, 2010, and served on the defendant KCC on June 4, 2010.  On September 22, 2010 counsel completed their Rule 26 (f) report, which report was filed with the court on September 24, 2010.  (Doc. # 9).  Section E.8 of the Rule 26 (f) report required plaintiff to provide defendant with a damage

analysis on any damage claims made by November 22, 2010.  Such report also set February 22, 2011 as the date by which all pre-trial discovery was to be completed.

The plaintiff provided defendant with his Rule 26 (A) (1) disclosure under date of December 15, 2010.  (copy attached).  Instead of providing a damage calculation by category of damages claimed, as required by rule, plaintiff gave this disclosure: *"Plaintiff has not at this time finalized itemizing damages in this case, and **such damages are accruing**."* (emphasis added). [1]

Thereafter, defendant's counsel repeatedly pressed plaintiff's counsel to supplement his initial disclosure by providing the detail required under rule.  These efforts are as documented in the following email chain between defense counsel and plaintiff's counsel: [Copies of email attached].

- 1/20/11:  (defense counsel):

    *". . . [U]nder the scheduling order you were compelled to provide a damage analysis by not later than 11/22/10.  That has yet to be received. . . .  [I[t is essential that you get me the analysis straight away – if I could get it by tomorrow that would be best.*

- 1/20/11: (plaintiff counsel):

    *"Check out 15 usc 1692k."*

---

[1] Rule 26 (a) (1) (iii) required plaintiff to provide in his initial disclosures:

   a computation of each category of damages claimed by the disclosing party — who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered[.]

- 1/20/11: (defense counsel):

  *"I am aware of the statute, but thank you for pointing it out to me.  But, tell me how the statute helps me understand your client's damage claim? What are his actual damages, if any are claimed here?"*

- 1/20/11: (plaintiff counsel):

  *"$1000 plus now $7500 in legal fees and $1000 in costs.  The more emails you write the more it will cost you."*

- 1/21/11: (defense counsel):

  *"I do apologize for the need to send you more emails in the matter.  But, and not meaning to be argumentative, you would agree I am sure that you were required to send me a damage analysis under the scheduling order and in your initial discovery compliance long before now – and I do not think a court will fine my client, so to say, for time spent seeking the information otherwise. That hardly would be fair.*

  *To be certain then, your client is not claiming to have suffered any actual damages in this matter?*

- 1/24/11: (defense counsel):

  *". . . [I] have repeatedly asked you for the detailed damage analysis required under rule 26(a) as well as by the joint scheduling order made under 26(f).  So far, you just say $1,000 damages are claimed, above and beyond litigation expenses.  With all due respect, I think such a reply is insufficient.  The rule says you must provide "a computation of each category of damages claimed . . ."  Please favor me with a proper damage claim analysis.  Tell me if your client is seeking only the $1000 statutory damages under the FDCPA, or if he still claims any actual damages.  If he seeks any actual damages you need to provide . . . a detailed analysis of same."*

- 2/1/11: (plaintiff counsel):

  ***He is not seeking actual damages***. (emphasis mine).

Plaintiff counsel's emails that finally allow that plaintiff is not seeking any actual damages are entirely inconsistent with the allegations made in the complaint and with plaintiff's initial disclosure report, both of which state unequivocally that plaintiff was indeed seeking actual damages in the matter.   Only now, many months after this case was filed, and only after repeated requests made, has defendant discovered that the most plaintiff is seeking here is $1,000.00 statutory damages under the FDCPA – which is to say that the allegations of actual damages suffered and claims for actual damages are falsely made in both the complaint and in the plaintiff's Rule 26 (A)(1) disclosures.  This late concession on damages also belies the various state law claims joined in this matter. In the end, as is quite evident from plaintiff counsel's emails, this case is truly about his counsel fees, any relief to plaintiff is simply an aside.

## *Remedies Sought:*

Defendant has been prejudiced by the plaintiff's false claims made in his complaint and in his Rule 26 (a) disclosures that he suffered actual damages and that he was seeking recovery for same in this matter.  His forced late admission that actual damages are indeed not sought in the matter belies the various state claims made in the complaint, too.  Defendant has prepared its

defense on the premise that plaintiff was seeking actual damages under the FDCPA and under

the state law actions.   Much legal time has been expended researching the manifold issues

involved in all counts of the complaint in preparation of a motion for summary judgment, much

of such work would not have been needed to have been done had the plaintiff been truthful in the

matter.  Moreover, had defendant been aware from the outset that the most that plaintiff was

seeking by way of recovery was $1,000 statutory damages under the FDCPA it would have taken

a markedly different  approach in regard to making an offer of judgment in the case.  Yet, from

the beginning, plaintiff has been making substantial money demands on the defendant, asserting

actual damages suffered by the plaintiff.

      Defendant seeks these remedies:

- An award of attorneys' fees reasonably incurred by defendant since the commencement of this case because of plaintiff false and misreading conduct;

- And order that defendant may file an offer of judgment in the matter *non pro tunc* retroactive in effect and operation as of the date it was served with the complaint in this matter, June 4, 2010.

In making this motion, defendant complains that plaintiff has not acted in good faith in this matter.   He has also failed to make timely disclosures or corrections as required by Rule 26 (e) (1). [2]

The remedies sought here are allowed under Rule 37 (c) (1), Title 28 U.S.C. § 1927, and the courts inherent power or authority to sanction or punish persons who abuse the judicial process.

Defendant,

By:_____

James Colin Mulholland
Its Counsel
202 West Road
Salem, CT 06420
Fed. Bar #: 06585
T. 860-657-8131
F. 860-659-1625
E. james.mulholland@sbcglobal.net

---

2.      Rule 26 (e) (1): A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response . . . (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . .[.]

ORDER

This motion having come before the court it is hereby ordered as follows:

The Court,

By:_____

CERTIFICATION OF SERVICE

     This is to certify that on   March 2,  2011 a copy of the foregoing interrogatory requests was sent via First Class Mail, postage pre-paid, to the parties listed below:

Segrei Lemberg, Esq.
LEMBERG & ASSOCIATES
1100 Summer Street, 3rd Floor
Stamford. CT 06905

_____

James Colin Mulholland

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| Ray Tedeschi, | : |
| | : |
| Plaintiff, | : |
| | : Civil Action No.:  3:10-cv-612 (WWE) |
| v. | : |
| | : |
| Kason Credit Corporation, and | : |
| DOES 1-10, inclusive, | : |
| | : |
| Defendant. | : |
| | : |

**PLAINTIFF'S INITIAL DISCLOSURES**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 26(A)(1)**

The Plaintiff, Ray Tedeschi, by and through his counsel, Lemberg & Associates LLC, pursuant to Federal Rule of Civil Procedure 26(a)(1), hereby submits his initial discovery disclosures as follows:

**A.     Individuals likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

- Ray Tedeschi may testify about the nature, extent duration and scope of the Defendant's attempts to contact him;

**B.     A copy of, or a description by category and location of, all documents, data, compilations, and tangible things that are in the possession, custody, or control of the party**

**and that the disclosing party may use to support its claims or defenses, unless solely for**

**impeachment.**

- Plaintiff has no relevant documentation in his possession at this time. If Plaintiff obtains such documentation, Plaintiff will amend his disclosures.

**C.     Damages claimed by the disclosing party**

- Plaintiff has not at this time finalized itemizing damages in this case, and such damages are accruing.

**D.     Insurance**

- N/A

Dated: Stamford, Connecticut
           December 15, 2010

PLAINTIFF,
Ray Tedeschi

By

Sergei Lemberg
LEMBERG & ASSOCIATES L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

**THIS IS TO CERTIFY** that on December 15, 2010, the foregoing was sent via First Class mail, to the parties listed below, in addition a copy was emailed in pdf format to opposing counsel's email address:

James Colin Mulholland
Fed. Bar No.: 06585
202 West Road
Salem, CT 06420
Telephone: (860) 657-8131
James.Mulholland@sbcglobal.net


Dated: Stamford, Connecticut
   December 15, 2010

_____
Sergei Lemberg

transmission.

From: JAMES MULHOLLAND [mailto:james.mulholland@sbcglobal.net]
Sent: Thursday, January 20, 2011 7:35 AM
To: Sergei Lemberg
Subject: RE: Tedeschi v. Kason Credit

One more thought, under the scheduling order you were compelled to provide a damages analysis by no later than 11/22/10. That
has yet to be received. ~~███████████████████████████████████████████~~, it is essential that you get
me the analysis straight away - if you can get it to me by tomorrow that would be best.

Jim Mulholland

--- On Wed, 1/19/11, Sergei Lemberg <slemberg@lemberglaw.com> wrote:

From: Sergei Lemberg <slemberg@lemberglaw.com>
Subject: RE: Tedeschi v. Kason Credit
To: "JAMES MULHOLLAND" <james.mulholland@sbcglobal.net>
Date: Wednesday, January 19, 2011, 8:51 PM

~~██████████████████████████████████████████████████████████████████~~
~~██████████████████████████████████████████████████████████████████~~
~~██████████████████████████████████████████████████████████████████~~

Sergei Lemberg, Esq. (Admitted in NY, MA and CT)
Lemberg & Associates LLC
1100 Summer Street, Third Floor
Stamford, CT 06905
Direct Dial: 203.883.9233
Office: 203.653.2250 x101
Facsimile: 877.795.3666
www.LembergLaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential
information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use
of the intended recipient. You are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance
on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have
received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the
transmission.

-----Original Message-----
From: JAMES MULHOLLAND [mailto:james.mulholland@sbcglobal.net]
Sent: Thu 1/20/2011 2:29 PM
To: Sergei Lemberg
Subject: RE: Tedeschi v. Kason Credit

I am aware of the statute, but thank you for pointing it out to me. But, tell me how the statute helps me understand your client's damage claim? What are his actual damages, if any are claimed here?

~~If you _____ the _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ _____ we provided you with my _____~~

~~What do you mean by _____ that my _____ _____ _____ over-rate you? _____ evidence do you have to _____ _____ _____ _____ _____ _____~~

~~You have not answered this question. Did you or someone _____ _____ _____ _____ _____ _____ _____ _____ silence on this questions leads me to believe that such a _____ _____~~

Jim Mulholland

--- On Thu, 1/20/11, Sergei Lemberg <slemberg@lemberglaw.com> wrote:


From: Sergei Lemberg <slemberg@lemberglaw.com>
Subject: RE: Tedeschi v. Kason Credit
To: "JAMES MULHOLLAND" <james.mulholland@sbcglobal.net>
Date: Thursday, January 20, 2011, 2:06 PM




Check out 15 usc 1692k.

Sergei Lemberg, Esq. (Admitted in NY, MA and CT)
Lemberg & Associates LLC
1100 Summer Street, Third Floor
Stamford, CT 06905
Direct Dial: 203.883.9233
Office: 203.653.2250 x101
Facsimile: 877.795.3666
www.LembergLaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. You are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the

LEMBERG & ASSOCIATES LLC
1100 SUMMER STREET, THIRD FLOOR
STAMFORD, CT 06905
DIRECT DIAL: 203.883.9233
OFFICE: 203.653.2250 x101
FACSIMILE: 877.795.3666
www.LembergLaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. You are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**From:** JAMES MULHOLLAND [mailto:james.mulholland@sbcglobal.net]
**Sent:** Friday, January 21, 2011 4:29 AM
**To:** Sergei Lemberg
**Subject:** RE: Tedeschi v. Kason Credit

I do apologize for the need to send you more emails in the matter. But, and not meaning to be argumentative, you would agree I am sure that you were required to send me a damage analysis under the scheduling order and in your initial discovery compliance long before now - and I do not think a court will fine my client, so to say, for time spent seeking the information otherwise. That hardly would be fair.

 To be certain then, your client is not claiming to have suffered any actual damages in this matter?



Will you provide me with your client's records from Oct 09 to Mar of 10 cooperatively?

Jim

--- On **Thu, 1/20/11, Sergei Lemberg** *<slemberg@lemberglaw.com>* wrote:

> From: Sergei Lemberg <slemberg@lemberglaw.com>
> Subject: RE: Tedeschi v. Kason Credit
> To: "JAMES MULHOLLAND" <james.mulholland@sbcglobal.net>
> Date: Thursday, January 20, 2011, 10:04 PM

$1000 plus now $7500 in legal fees and $1000 in costs. The more emails you write the more it will cost him.

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. You are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**From:** JAMES MULHOLLAND [mailto:james.mulholland@sbcglobal.net]
**Sent:** Monday, January 24, 2011 5:58 PM
**To:** Sergei Lemberg
**Subject:** RE: Tedeschi v. Kason Credit

Attorney Lemberg:



On the topic of discovery, I have repeatedly asked you for the detailed damage analysis required under rule 26(a) as well as by the joint scheduling order made under 26(f). So far, you just say $1,000 damages are claimed, above and beyond litigation expenses. With all due respect, I think such a reply is insufficient. The rule says that you must provide "a computation of each category of damages claimed . . ." Please favor me with a proper damage claim analysis. Tell me if your client is seeking only the $1000 statutory damages under the FDCPA, or if he still claims any actual damages. If he seeks any actual damages you need to provide with a detailed analysis of same.

Also, I ask you to reconsider your refusal to share with me the phone records you obtained by your ex parte subpoena to Cox.

I look forward to your reply.

Jim Mulholland

860-657-8131

--- On **Fri, 1/21/11, Sergei Lemberg <*slemberg@lemberglaw.com*>** wrote:

From: Sergei Lemberg <slemberg@lemberglaw.com>
Subject: RE: Tedeschi v. Kason Credit
To: "JAMES MULHOLLAND" <james.mulholland@sbcglobal.net>
Date: Friday, January 21, 2011, 11:41 AM

SERGEI LEMBERG, ESQ. (ADMITTED IN NY, MA AND CT)

RE: Tedeschi v. Kason Credit - att.net Mail
Case 3:10-cv-00612-DJS   Document 22   Filed 03/02/11   Page 16 of 16
Page 1 of 9



**YAHOO! MAIL** Classic

**RE: Tedeschi v. Kason Credit**                                      Tuesday, February 1, 2011 4:50 PM

**From:** "Sergei Lemberg" <slemberg@lemberglaw.com>
**To:** "JAMES MULHOLLAND" <james.mulholland@sbcglobal.net>

## He is not seeking actual damages.

SERGEI LEMBERG, ESQ. (ADMITTED IN NY, MA AND CT)
LEMBERG & ASSOCIATES LLC
1100 SUMMER STREET, THIRD FLOOR
STAMFORD, CT 06905
DIRECT DIAL: 203.883.9233
OFFICE: 203.653.2250 x101
FACSIMILE: 877.795.3666
www.LembergLaw.com

CONFIDENTIALITY NOTICE: This e-mail transmission (and/or the attachments accompanying it) may contain confidential information belonging to the sender which is protected by the attorney-client privilege. The information is intended only for the use of the intended recipient. You are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this information is strictly prohibited. Any unauthorized interception of this transmission is illegal. If you have received this transmission in error, please promptly notify the sender by reply e-mail, and then destroy all copies of the transmission.

**From:** JAMES MULHOLLAND [mailto:james.mulholland@sbcglobal.net]
**Sent:** Tuesday, February 01, 2011 11:19 AM
**To:** Sergei Lemberg
**Subject:** RE: Tedeschi v. Kason Credit

Please favor me with a proper damage claim analysis. Tell me if your client is seeking only the $1000 statutory damages under the FDCPA, or if he still claims any actual damages. If he seeks any actual damages you need to provide with a detailed analysis of same. The carrier and my client need this information.

Jim Mulholland
--- On Tue, 2/1/11, Sergei Lemberg <slemberg@lemberglaw.com> wrote:

> From: Sergei Lemberg <slemberg@lemberglaw.com>
> Subject: RE: Tedeschi v. Kason Credit
> To: "JAMES MULHOLLAND" <james.mulholland@sbcglobal.net>
> Date: Tuesday, February 1, 2011, 10:41 AM

SERGEI LEMBERG, ESQ. (ADMITTED IN NY, MA AND CT)
LEMBERG & ASSOCIATES LLC
1100 SUMMER STREET, THIRD FLOOR
STAMFORD, CT 06905
DIRECT DIAL: 203.883.9233
OFFICE: 203.653.2250 x101
FACSIMILE: 877.795.3666
www.LembergLaw.com